IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01302-BNB

ALFRED J. PRINCE,

    Applicant,

v.

THE DIRECTOR AR DOVARIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT

SEP 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Alfred J. Prince initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a federal conviction from the United States District Court for the Western District of Oklahoma. On June 16, 2009, Mr. Prince filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 17, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Prince to file a second amended application pursuant to 28 U.S.C. § 2241 that clarifies the claims he is asserting in this action. On July 31, 2009, Mr. Prince filed a second amended application for a writ of habeas corpus using the court's 28 U.S.C. § 2254 habeas corpus application form. On August 7, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Prince to show cause why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On August 18, 2009, Mr. Prince filed his response to the show cause order.

The Court must construe the second amended application and Mr. Prince's response to Magistrate Judge Boland's show cause order liberally because Mr. Prince is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Prince was convicted in the Western District of Oklahoma of bank robbery and using a firearm during the commission of a violent crime. *See United States v. Prince*, 938 F.2d 1092, 1093 (10th Cir. 1991). He was sentenced to 340 months in prison. The Court is aware that Mr. Prince previously has sought and been denied relief in the sentencing court pursuant to § 2255 on at least two occasions. *See United States v. Prince*, 186 F. App'x 840 (10th Cir. 2006).

Mr. Prince claims in this action that he received ineffective assistance of counsel in connection with his criminal case in the Western District of Oklahoma. As Magistrate Judge Boland advised Mr. Prince, his claims may not be asserted pursuant to 28 U.S.C. § 2254 because he is challenging the validity of a federal court conviction and sentence and not a state court conviction and sentence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the

legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Magistrate Judge Boland ordered Mr. Prince to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him pursuant to § 2255. The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See **Reyes-Requena v. United States***, 243 F.3d 893, 903 (5th Cir.

2001). The simple fact that Mr. Prince has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Prince likely is barred from filing a second or successive § 2255 motion in the sentencing court, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

Mr. Prince fails in his response to Magistrate Judge Boland's show cause order to present any reasoned argument demonstrating that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective. Therefore, this action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed because Applicant has an adequate and effective remedy available to him in the sentencing court.

DATED at Denver, Colorado, this 16 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01302-BNB

Alfred J. Prince
Prisoner No. 61977
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/16/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk